IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH HARVEY | ) | CASE NO. |
| 4320 Rocky River Drive | ) | |
| Cleveland, Ohio 44135 | ) | JUDGE: |
| | ) | |
| On behalf of herself and all others | ) | |
| similarly situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT FOR DAMAGES** |
| NATIONAL GENERAL INSURANCE | ) | |
| AGENCY, INC. | ) | **JURY DEMAND ENDORSED** |
| 800 Superior Avenue | ) | **HEREIN** |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| **Serve Statutory Agent also:** | ) | |
| NATIONAL REGISTERED | ) | |
| AGENTS, INC. | ) | |
| 4400 Easton Commons Way Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Sarah Harvey ("Harvey") brings this action against Defendant National General Insurance Agency, Inc. ("National General"), seeking all available relief under the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and the Ohio Minimum Fair Wages Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.01 *et seq*. Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Wage Law claims are asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.



## PARTIES AND VENUE

1. Harvey is an adult individual resident of the city of Cleveland, county of Cuyahoga, state of Ohio. Harvey consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).[1]

2. National General is a foreign for-profit corporation lawfully licensed to conduct business in the state of Ohio, which maintains a place of business located at 800 Superior Avenue, Cleveland, Ohio 44114.

3. During all times material to this Complaint, National General was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and O.R.C. § 4111.03(D); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

4. National General is, and at all times hereinafter mentioned was, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of no less than $500,000.

5. During all times material to this Complaint, Plaintiff and the putative class members, as defined herein, were "employees" of National General within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

---

[1] Harvey's executed Consent to Sue form is attached hereto as Exhibit A.



6.  The putative FLSA class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 40 of the Complaint.

## JURISDICTION & VENUE

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff and the putative class members are alleging Federal Law Claims under the FLSA, 29 U.S.C. § 216(b).

8.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as Plaintiff's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.  This Court has personal jurisdiction over National General because it is a is a foreign for-profit corporation lawfully licensed to conduct business in Ohio, maintains a facility in Ohio, and conducts business and employment practices in Ohio.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, National General is and always has been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and National General has received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, National General was registered to conduct business in the State of Ohio, and conducted substantial business in the State of Ohio.

## FACTS
### (Plaintiff Sarah Harvey)

11. Harvey is a former employee of National General.

12. National General initially hired Harvey as an intern in or around May of 2015.

13. In or around March of 2016, National General promoted Harvey to the Sales Representative position.

The Employee's Attorney.™



14. Throughout her employment with National General, Harvey was an hourly-paid, FLSA non-exempt employee.

15. As a Sales Representative, Harvey worked between 40 and 50 hours per week on average.

16. Harvey was paid a flat rate of $12.00 per hour plus commission for all hours worked, to include those hours she worked in excess of 40 per week.

17. Harvey was not paid overtime at a rate of time and one-half her regular rate for those hours she worked in excess of 40 per week.

18. In addition to being denied overtime, Harvey was not paid for all hours worked as described in greater detail below.

## GENERAL ALLEGATIONS

19. Harvey and others similarly situated are "employees" of Defendants within the meaning of 29 U.S.C § 203(e)(1).

20. At all times referenced herein, Harvey and others similarly situated were non-exempt from the minimum wage and overtime protections of the FLSA.

21. The primary job duty of Harvey and those similarly situated was to sell the insurance products of third party insurance carriers over the phone.

22. Harvey and those similarly situated were paid a flat hourly rate for all hours worked, plus commissions.

23. Harvey and those similarly situated were not paid overtime when they worked in excess of 40 hours per week.

24. Although Harvey and those similarly situated earned commissions, they were not subject to the retail sales exemption provided in 29 U.S. Code § 207(i).

The Employee's Attorney.™



25. National General is not a retail or service establishment within the meaning of 29 U.S. Code § 207(i).

26. 29 U.S. Code § 779.317 specifically identifies "insurance" and "insurance brokers" as establishments lacking a retail concept.

27. National General falls within the insurance brokerage industry that section 779.317 finds to lack the requisite retail concept to qualify for an exemption from the FLSA's overtime requirements. See *Burden v. SelectQuote Ins. Services*, 848 F.Supp.2d 1075, 1085–86 (N.D.Cal.2012).

28. During their respective periods of employment, Harvey and those similarly situated were subjected to the following uniform and unlawful pay practices by National General:

    a. National General unlawfully failed to pay Harvey or those similarly situated overtime at a rate time and one-half their regular rates of pay for any hours they worked in excess of 40 hours per week; and

    b. National General maintained and enforced an unlawful "time shaving" practice, in which its managers would review the time worked by Harvey and those similarly situated, and then "shave" off any time Harvey and those similarly situated worked *prior to* receiving their first customer call of the day as well as any time Harvey or those spent working *after* the last call of the day. As a result, Harvey and those similarly situated were not paid for all time worked or for all overtime due.

29. National General suffered or permitted Harvey and those similarly situated to work before they received their first customer call of the day.

30. The time Harvey and those similarly situated spent working before their first customer call of the day was compensable.

31. National General suffered or permitted Harvey and those similarly situated to work after they received their last customer call of the day.

32. The time Harvey and those similarly situated spent working after their last customer call of the day was compensable.

The Employee's Attorney.™



33. At all times referenced herein, National General knew that it was required to pay Harvey and those similarly situated for all hours worked.

34. At all times referenced herein, National General knew that it was required to pay Harvey and those similarly situated overtime at a rate of time and one half the regular rate of pay for all hours worked in excess of 40 per week.

35. The paystubs National General issued to Harvey and those similarly situated expressly acknowledged National General's overtime obligations, stating "Overtime @ 1.5x"

36. A true and accurate copy of one of Harvey's paystubs demonstrating National General's awareness of its overtime obligation and knowing decision to nonetheless pay Harvey a flat hourly rate for hours worked in excess of 40 is attached hereto as Exhibit B.

37. Despite its knowledge of its obligations to pay employees the proper wage for all hours worked, to include overtime, National General willfully and recklessly refused to pay Harvey and those similarly situated properly.

38. National General lacks a good faith or reasonable justification for failing to pay Harvey and those similarly situated properly for all hours worked, to include overtime.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

39. Harvey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

40. Harvey bring this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly situated individuals who are part of the following class:

> All individuals employed by National General who are or were hourly-paid, FLSA non-exempt employees who were not paid for all hours worked, and/or overtime compensation at a rate of one-and-one-half times their respective regular rates of pay for hours worked over forty (40) in a workweek at any time during three (3) years preceding the filing of this action.

The Employee's Attorney.™



These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

41. Collective Action treatment of Plaintiffs' FLSA claims is appropriate because Plaintiffs and the FLSA Class have been subjected to the common business practices referenced in paragraphs 19 through 38 herein, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether National General's companywide practices failed to properly compensate the FLSA Class Members for all hours worked.

42. Harvey seeks to recover all wages owed to herself and the FLSA Class Members for unpaid regular and overtime hours worked, liquidated damages to the fullest extent allowable under the FLSA and Ohio Wage Law, all available equitable relief, including attorneys' fees and associated litigation costs.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME COMPENSATION

43. Harvey restates each and every prior paragraph of this Complaint, as if it were fully stated herein.

44. During all times material to this Complaint, National General was an employer covered by the FLSA.

45. During all times material to this Complaint, Harvey and the FLSA Class Members were employees who were not exempt from overtime compensation under the FLSA because, *inter alia*, they were not "executive," "administrative," "professional," or "retail sales" employees as defined under the FLSA, and were entitled to one-and-one-half times their respective regular rates for hours worked in excess of forty (40) hours per workweek.

46. During all times material to this Complaint, National General violated the FLSA with respect to Harvey and the FLSA Class Members by, *inter alia*, failing to compensate them for all time worked in a workweek, where all time worked includes all time spent by an employee that was

The Employee's Attorney.™



primarily for the benefit of the employer or the employer's business and where the employer knew or should have known that the employee was spending the time at issue primarily for the employer's benefit.

47. During all times material to this Complaint, National General violated the FLSA with respect to Harvey and the FLSA Class Members by, *inter alia*, failing to compensate them at one-and-one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

48. During all times material to this complaint, National General knew that Harvey and the FLSA Class Members were not exempt from the overtime obligations imposed by the FLSA. National General also knew that it was required to pay Harvey and the FLSA Class Members overtime compensation at a rate of one-and-one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, National General willfully withheld and failed to pay the FLSA Class Members for all time worked, including overtime compensation, to which Harvey and the FLSA Class Members were entitled.

49. In violating the FLSA, National General acted willfully, without a good faith basis, and in reckless disregard of clearly applicable FLSA provisions.

50. As a direct and proximate cause of NIGC's conduct, pursuant to 29 U.S.C. § 216(b), National General is liable to Plaintiff and those similarly situated for the full amount of all unpaid wages and required overtime obligations, an additional equal amount as liquidated damages, as well as costs and reasonable attorneys' fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

51. Harvey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

The Employee's Attorney.™



52. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek.

53. The Ohio Wage Act requires that employees receive overtime compensation at a rate of one-and-one-half times the employee's regular rate of pay for all hours worked over forty (40) in a workweek.

54. During all times material to this Complaint, National General was an employer required to comply with the Ohio Wage Act's mandates.

55. During all times material to this Complaint, Harvey was an employee entitled to individual protection of the Ohio Wage Act.

56. Defendants violated the Ohio Wage Act with respect to Harvey by, *inter alia*, failing to compensate Harvey for all hours worked, failing to pay Harvey the minimum wage for all hours worked, and failing to pay Harvey overtime for all hours worked over forty (40) in a workweek.

57. In violating the Ohio Wage Act, National General acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Sarah Harvey requests judgment against Defendants and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by National General Insurance Agency, Inc., who work or have worked as non-exempt FLSA employees as described herein, and who were not paid for all hours worked, paid less than the minimum wage, and/or denied payment for overtime hours worked at any time during the three (3) years preceding the filing of this action;

The Employee's Attorney.™



(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

(c) Awarding to Plaintiff and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

(d) Awarding Plaintiff and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(e) Awarding Plaintiff and the FLSA Class Members such other and further relief as the Court deems just and proper;

(f) An injunction prohibiting National General Insurance Agency, Inc., from engaging in future violations of the FLSA and Ohio Wage Act; and

(g) For a judgment against Defendants for all damage, relieve, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Sarah Harvey*

The Employee's Attorney.™



## **JURY DEMAND**

Plaintiff Sarah Harvey demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

The Employee's Attorney.™

